REID, MURDOCH & COMPANY v. ERNEST A. KEMPE.

December 6, 1898.

Nos. 11,427—(132).

**Sale—Insolvency of Buyer—Report to Mercantile Agency—Not a Continuing Representation to Vendor.**

The statement of a merchant to a commercial agency was true when made, but, by reason of changes in his financial condition, became untrue prior to purchases of goods by him from 15 to 18 months afterwards from

a wholesaler, who knew of and relied on the statement. There was no evidence that the merchant was actually insolvent, or knew that he was insolvent, when he made the purchases, or that he did not make them in good faith. *Held*, that the statement to the commercial agency was not a false representation to the vendor as of the date of the purchase.

Action in the district court for Hennepin county in replevin against defendant, as assignee of the Vanstrum Supply House, an insolvent corporation, to recover merchandise of the value of $716.16. At the trial before Simpson, J., a verdict was directed. for defendant. From an order 'denying a motion for a new trial, plaintiff appealed. Affirmed.

*Fifield, Fletcher & Fifield,* for appellant.

*A. D. Smith,* for respondent.

COLLINS, J.

This was an action of the same character as that considered in Sprague v. Kempe, supra, page 465. The claim asserted herein, that the merchandise in question was purchased with a preconceived intent not to pay for the same, is disposed of by what is said in that opinion, for, had all of the evidence on this branch of the case which was offered by plaintiff's counsel been received by the court, still there would have been a failure of proof.

According to the allegations of the complaint, one of the grounds for plaintiff's right to rescind the sale, and recover the property, was that the defendant corporatiion knowingly made false and fraudulent representations as to its solvency, for the purpose of inducing plaintiff to sell, and as to the amount of its assets above its liabilities, upon which plaintiff relied when making the sale. It is contended by defendant's counsel that this, as a distinct ground for recovery, was abandoned on the trial; but, from the brief of plaintiff's counsel and their oral argument, it appears that it was not. For this reason we will briefly consider this branch of the case.

Based upon an inventory taken in January, 1896, the corporation stated to R. G. Dun & Co. and to Bradstreet Co., mercantile agencies, that its assets or resources were, cash, $1,863.78; furniture and fixtures, $5,200.82; merchandise, $90,096.77; real estate, $56,-

420.86; and accounts and bills receivable, $8,835.80,—a total of $162,418.03; while at the same time its liabilities were, accounts and bills payable, $35,811.16; capital stock, $100,000; surplus, $26,-606.87,—the total footing being the same as the total of the assets. By this statement the concern was shown to be in a flourishing condition in January, 1896, and well entitled to credit, and on the strength of it, and relying upon the custom of these mercantile agencies to notify their customers if any radical changes are discerned in the financial condition of business men and houses, the goods were sold in April, May and June, 1897.

The contention is that, as the defendant corporation made this statement for the purpose of having it communicated to the wholesale dealers, it must be taken and deemed as a continuing representation for a reasonable time after it is put out, which reasonable time is a question for a jury; that, although the statement be true when made, if it becomes untrue prior to the purchase of goods, made within a reasonable time, and is known by the purchaser to be untrue, it becomes a false representation, made as of the time of the purchase.

Some of the authorities support this view of the law, but we cannot coincide with it. It is altogether too stringent a rule to be serviceable. A rule which requires traders to report to the mercantile agencies variations in their circumstances imposes too high a degree of duty and care upon the business man who buys upon credit, and wholly relieves the wholesaler from exercising due care and caution when selling his goods.

There was no claim made here that the 1896 statement was not strictly correct, and no evidence offered or received which tended to show that the concern was actually insolvent, or knew the fact, when the goods were bought, or that they were not so purchased in good faith.

The order appealed from is affirmed.